UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIA RODRIGUEZ CASTRO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:13-cv-00826-GMN-GWF <br><br> **ORDER** |

Pending before the Court for consideration is a Motion to Remand (ECF No. 18) filed by Plaintiff Antonia Rodriguez Castro ("Plaintiff") and the Cross-Motion to Affirm (ECF No. 23) filed by Defendant Carolyn W. Colvin ("Defendant"). These motions were referred to the Honorable George W. Foley, Jr., United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). On July 7, 2014, Judge Foley entered the Report and Recommendation (ECF No. 27), recommending Plaintiff's Motion to Remand be denied and Defendant's Cross-Motion to Affirm be granted. Plaintiff filed her Objection to the Report and Recommendation (ECF No. 28) on July 23, 2014. Defendant filed her Response to the Objection (ECF No. 29) on August 11, 2014.

**I.    BACKGROUND**

Pursuant to Title II of the Social Security Act, Plaintiff applied for disability insurance benefits on October 1, 2009, and pursuant to Title XVI of the Social Security Act, she applied for supplemental Social Security on February 18, 2011. (Administrative Record ("A.R.") 19). On both applications, she alleged the onset of her disability began on April 5, 2009. (*Id.*). Plaintiff's Title II application was denied, and following a hearing on June 28, 2011, an Administrative Law

Judge ("ALJ") issued a decision on February 24, 2012 in which he found that Plaintiff was not disabled from April 5, 2009 through the date of the decision. (A.R. 19, 39).

At the hearing on June 28, 2011, the ALJ applied the five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled.[1] (A.R. 19–26). At step four of the analysis, the ALJ determined Plaintiff's residual functional capacity ("RFC") and found that Plaintiff could perform less than a full range of light work. (A.R. 22). Specifically, the ALJ found that Plaintiff could lift and/or carry ten pounds frequently and twenty pounds occasionally; could sit, stand, and/or walk for six hours out of an eight-hour workday; and could occasionally reach overhead with the upper right extremity. (*Id.*). Given this RFC, the ALJ determined that Plaintiff could perform her past work as a gift wrapper, and, therefore, she was not disabled. (*Id.* 26).

In reaching this RFC determination, the ALJ considered Plaintiff's "activity level, objective clinical diagnostic findings, and treatment records," and gave "great weight" to the evaluations of the physical therapist and two of the doctors who examined Plaintiff. (A.R. 25). One of these doctors, Dr. Cestkowski, gave Plaintiff a slightly more limited RFC than the other medical professionals who evaluated her,[2] but he also noted in his findings that Plaintiff "did not

---

[1] The five-step sequential evaluation procedure, during which a finding at any step that a claimant is disabled or not disabled concludes the assessment, is as follows: Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not considered disabled. *Id.* § 404.1520(b). Second, the Secretary determines whether the claimant's impairment is severe. *Id.* § 416.920(c). If the impairment is not severe, the claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* § 404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id.* § 416.920(e). If the claimant can engage in past relevant work, then the claimant is not disabled. *Id.* § 404.1520(e). If the claimant cannot perform past relevant work, but the Secretary demonstrates that the claimant is able to perform other kinds of work, the claimant is not disabled. *Id.* § 404.1520(f). Otherwise, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

[2] Dr. Cestkowski assessed Plaintiff as only being able to sit for four hours in an eight-hour workday and stand and walk for up to two hours in an eight-hour workday. (A.R. 458). Two other examining doctors, however, found that Plaintiff was capable of standing, walking, or sitting for six hours in an eight-hour workday. (*Id.* 349, 359).

put forth a full cooperative effort for this evaluation based on his clinical experience." (*Id.* 25, 458).

Following the ALJ's decision, Plaintiff filed a Request for Review, which was denied by the Appeals Council on February 19, 2013. (A.R. 1). Subsequently, on May 17, 2013, Plaintiff filed her Complaint (ECF No. 3) before this Court seeking a reversal of the ALJ's decision.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009), quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## III. DISCUSSION

In her Motion to Remand, Plaintiff asserts that the ALJ erred by giving "great weight" to Dr. Cestkowski's opinion but then finding a greater RFC than the one assigned by Dr. Cestkowski. (Mot. to Remand 7:1-22, ECF No. 18). She contends that the ALJ failed to articulate specific and legitimate reasons for rejecting the part of Dr. Cestkowski's opinion that provided her with a more restricted RFC. (*Id.* 8:1-4); *see Lester v. Chater*, 81 F.3d 821, 830–31

(9th Cir. 1995) ("[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.").

In the Report and Recommendation, Judge Foley found that in determining Plaintiff's RFC, the ALJ "set out a detailed and thorough summary of the facts[,] noting the clinical evidence," and gave a RFC that considered Dr. Cestkowski's opinion and was consistent with all the other medical opinions in the record. (Report and Recommendation 13:8-14:25, ECF No. 27); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ can meet [the burden for rejecting the opinion of a treating physician] by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.") (quotations omitted).  Judge Foley, therefore, determined that "the ALJ provided specific and legitimate reasons for declining to adopt portions of Dr. Cestkowski's opinion and that his RFC assessment is supported by substantial evidence in the record." (*Id.* 14:23-25).

Plaintiff now objects to the Report and Recommendation on the same grounds that she argued in her Motion to Remand. (Objection 3:14-5:19, ECF No. 22).  Specifically, she asserts that Judge Foley erred in finding that the RFC assessment was supported by substantial evidence in the record because the ALJ "did not specifically state the reasons, any reasons, for rejecting any part of the opinion of Dr. Cestkowski." (*Id.* 4:16-5:2).  However, an ALJs need not recite the magic words "I reject the doctor's opinion because…" in order to meet their burden to provide specific and legitimate reasons for rejecting a portion of a doctor's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).  Moreover, having reviewed the record, the Court agrees with Judge Foley that the ALJ provided specific and legitimate reasons for rejecting a portion of Dr. Cestkowski's opinion by laying out a detailed summary of the findings made by all the various medical experts, including Dr. Cestkowski, before determining Plaintiff's RFC. Accordingly, Plaintiff's objection is without merit.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 21) is **ACCEPTED and ADOPTED in full** to the extent it is consistent with this opinion.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF 18) is **DENIED** and Defendant's Cross-Motion to Affirm (ECF No. 23) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this 2nd day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court